UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.                      )<br>)<br>AMANDA L. TEW,           )<br>    Defendant.          ) | CR. No. 00-10415-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                              April 25, 2025

Defendant Amanda L. Tew requests that the court seal the record of this criminal case because its public availability has a negative collateral impact on her life and livelihood. Dkt. No. 68.

There is a presumption of a right of public access to judicial records. See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597, 599 (1978); F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 410 (1st Cir. 1987); see also United States v. Coloian, 480 F.3d 47, 49 (1st Cir. 2007) (expungement or sealing of a federal criminal record is only available in narrow classes of cases). "This presumption 'stems from the premise that public monitoring of the judicial system fosters the important values of quality, honesty and respect for our legal system.'" United States v. MasMarques, No. 09-10304-MLW, 2015 WL 5609957, at *2 (D. Mass. Sept. 22, 2015) (quoting Siedle v. Putnam Investments, Inc., 147 F.3d 7, 9-10 (1st

Cir. 1998) (some internal quotation marks omitted)).

The public right of access is not absolute, and a court considering a request to seal can consider "important countervailing interests" and "must carefully balance the competing interests that are at stake." Siedle, 147 F.3d at 10. The court has "considerable leeway," in making determinations of whether to seal judicial records. Id.

Defendant has not demonstrated a compelling reason that overcomes the presumption in this case. Sealing criminal records "solely because the record has an adverse effect on defendant's livelihood ... would vitiate the presumptive public right of access." Masmarques, 2015 WL 5609957 at *2. "If courts were to allow the stigma resulting from the public record of a case to outweigh the public right of access, then virtually all criminal records would be sealed." Id.; see also United States v. Hardy, No. 91-CR-10180-ADB, 2017 WL 2468784, at *1 (D. Mass. June 7, 2017) (same). Therefore, defendant's request is being denied.

In view of the foregoing, it is hereby ORDERED that defendant's request (Dkt. No. 68) is DENIED.

UNITED STATES DISTRICT JUDGE

2